IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Jaroslaw Lipski, Board of Trustees Chairman, and Gilbert Patton, Board of Trustees Secretary, On Behalf of MOTION PICTURE LABORATORY TECHNICIANS AND FILM EDITORS LOCAL 780 PENSION FUND;** | ) ) ) ) ) ) ) |
| **Jaroslaw Lipski, Board of Trustees Chairman, and Gilbert Patton, Board of Trustees Secretary, On Behalf of MOTION PICTURE LABORATORY TECHNICIANS AND FILM EDITORS LOCAL 780 WELFARE FUND;** | ) ) ) ) ) ) ) |
| and, | ) ) |
| **MOTION PICTURE AND VIDEO TAPE LABORATORY TECHNICIANS, ALLIED CRAFTS AND GOVERNMENT EMPLOYEES LOCAL 780, IATSE,** | ) CASE NO. ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| **IMAX SERVICE CORP.,** | ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiffs **Jaroslaw Lipski, Board of Trustees Chairman, and Gilbert Patton, Board of Trustees Secretary, On Behalf of MOTION PICTURE LABORATORY TECHNICIANS AND FILM EDITORS LOCAL 780 PENSION FUND; Jaroslaw Lipski, Board of Trustees Chairman, and Gilbert Patton, Board of Trustees Secretary, On Behalf of, MOTION PICTURE LABORATORY TECHNICIANS AND FILM EDITORS LOCAL**

**780 WELFARE FUND;** and, **MOTION PICTURE AND VIDEO TAPE LABORATORY TECHNICIANS, ALLIED CRAFTS AND GOVERNMENT EMPLOYEES LOCAL 780, IATSE**, by their attorneys **PAUL T. BERKOWITZ & ASSOCIATES, LTD.,** hereby complain of Defendant **IMAX SERVICE CORP.**, stating as follows:

### COUNT I

**1.** This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145, and is brought by Plaintiffs **Jaroslaw Lipski, Board of Trustees Chairman, and Gilbert Patton, Board of Trustees Secretary, On Behalf of, MOTION PICTURE LABORATORY TECHNICIANS AND FILM EDITORS LOCAL 780 PENSION FUND** ("Pension Fund") **and Jaroslaw Lipski, Board of Trustees Chairman, and Gilbert Patton, Board of Trustees Secretary, On Behalf of, MOTION PICTURE LABORATORY TECHNICIANS AND FILM EDITORS LOCAL 780 WELFARE FUND** ("Welfare Fund") (collectively "Plaintiffs Trust Funds") in order to judicially enforce the obligations owed, and breached, by Defendant **IMAX SERVICE CORP.** ("IMAX") to the Plaintiffs Trust Funds. More specifically, Plaintiffs Trust Funds seek an order compelling Defendant IMAX to pay the delinquent principal contributions, interest and liquidated damages for the period of January 1, 2017 to date owed to the Plaintiffs Trust Funds, plus attorneys' fees and costs incurred by Plaintiffs as a result of being forced to bring this action.

**2.** Plaintiffs Trust Funds are employee benefit funds within the meaning of and subject to ERISA. The Plaintiffs Trust Funds are, themselves, administered in this Judicial District.

**3.** This Court has personal jurisdiction over Defendant IMAX because 29 U.S.C. § 1451(d) provides for nationwide service of process, specifically "….process may be served in any district where a defendant resides, does business, or may be found."

**4.** Venue is proper in the Northern District of Illinois because the Plaintiffs Trust Funds are administered in this Judicial District.

**5.** At all times material herein, Defendant IMAX has been signatory to a collective bargaining agreement with Local Union No. 780 Motion Picture and Video Tape Laboratory Technicians, Allied Crafts and Government Employees ("Union"), covering Defendant IMAX's employees working at the Twentynine Palms Commissary, Twentynine Palms, California and signatory to a collective bargaining agreement with the Union covering Defendant Imax's employees at the Fort Riley Commissary in Fort Riley, Kansas and, as such, is bound by the Plaintiffs Trust Funds' Trust Agreements and Declarations of Trust.

**6.** Defendant IMAX breached the Agreements identified in Paragraph 5 of this Count and is in violation of Sections 502 and 515 of ERISA (and 29 U.S.C. § 185) by failing to pay the delinquent contributions and contractually required interest and liquidated damages due for the period of January 1, 2017 to date to the Plaintiffs Trust Funds.

**7.** Despite Plaintiffs Trust Funds' requests, Defendant IMAX has failed to pay the contractually and statutorily required monies.

**8.** Plaintiffs Trust Funds have satisfied all statutory prerequisites as set forth in 29 U.S.C. §1132 (h).

WHEREFORE, Plaintiffs Trust Funds pray this Court order that:

1. Defendant IMAX Service Corp. pay the delinquent contributions, plus interest and liquidated damages for the period of January 1, 2017 to date owed to Plaintiffs Trust Funds;

2. Defendant IMAX Service Corp. pay statutory post-judgment interest on all principal contributions found due by this Order;

3. Defendant IMAX Service Corp. pay Plaintiffs Trust Funds' attorneys' fees and costs incurred herein; and,

4. Such other and further relief that this Court may find just and proper be entered against Defendant IMAX Service Corp.

## COUNT II

1. Plaintiff **MOTION PICTURE AND VIDEO TAPE LABORATORY TECHNICIANS, ALLIED CRAFTS AND GOVERNMENT EMPLOYEES LOCAL 780 IATSE** ("Union") is a labor organization within the meaning Section 1(5) of the Labor-Management Relations Act of 1947, 29 U.S.C. § 151(5).

2. At all times material herein, Defendant **IMAX SERVICE CORP.** ("IMAX") has been engaged in an industry affecting interstate commerce.

3. This Court has jurisdiction of this action pursuant to Section 301 of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185 ("LMRA").

4. This Court may exercise pendant personal jurisdiction over Defendant IMAX with respect to the instant Section 301 cause of action because it arises out of the same operative facts as alleged in Count I of this Complaint.

5. Venue is appropriate in this Judicial District because the Union's principal office is in Chicago, Illinois and it is that Office which processes IMAX's dues check-off payments, which is within the territorial jurisdiction of this Court.

6. At all times material herein, Defendant IMAX has been signatory to a collective bargaining agreement with the Union for its employees at the Fort Carson Commissary in Colorado Springs, Colorado and Defendant Imax has been signatory to a collective bargaining agreement with the Union for its employees at the Fort Riley Commissary in Fort Riley, Kansas. Included among the contractual obligations between the parties is the requirement that IMAX transmit employee payroll deductions to the Union.

7. Defendant IMAX breached its contractual obligations to the Union by failing to transmit all payroll deductions from January 1, 2017 to date.

8. Despite the Union's requests, Defendant IMAX has failed to pay the monies identified in this Count.

WHEREFORE, Plaintiff Union prays this Court order that:

1. Defendant IMAX Service Corp. pay the delinquent payroll deductions, interest and liquidated damages owed for the period of January 1, 2017 to date to the Plaintiff Union;

2. Defendant IMAX Service Corp. pay statutory post-judgment interest on all principal payroll deductions found due by this Order;

3. Defendant IMAX Service Corp. pay Plaintiff Union's attorneys' fees and costs incurred herein; and,

4. Such other and further relief that this Court may find just and proper be entered against Defendant IMAX Service Corp.

Respectfully submitted,

**PAUL T. BERKOWITZ & ASSOCIATES, LTD.**


By    /s/ Paul T. Berkowitz
        **PLAINTIFFS' ATTORNEYS**


PAUL T. BERKOWITZ
& ASSOCIATES, LTD.
Suite 600
123 West Madison Street
Chicago, Illinois 60602
(312) 419-0001
(312) 419-0002 FAX
paul@ptblaw.com
suzanne@ptblaw.com
Attorney ID #185639
Attorney ID #6303229